**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dennis Danko, an individual, ) | No. CV-06-1757-PHX-MHM |
| ) | |
|     Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| Atlas Van Lines, Inc., a Delaware ) | |
| corporation, ) | |
| ) | |
|     Defendant. ) | |
| _____ ) | |

Plaintiff Dennis Danko filed the Complaint in this case on July 13, 2006 against Defendant Atlas Van Lines, Inc. (Dkt. #1). The Complaint raises a federal question under 49 U.S.C. §14706 (the Carmack Amendment to the Interstate Commerce Act) and 28 U.S.C. § 1337. The Plaintiff seeks damages in excess of $10,000, and accordingly, this Court has subject matter jurisdiction.

There are currently three outstanding motions: the Defendant's Motion for Partial Summary Judgment, the Plaintiff's Motion for Leave to File a Supplemental Statement of Facts, and the Defendant's Motion for Leave to File a Sur-Reply. (Dkt. #46, 59, and 63). After consideration of the pleadings and briefing submitted in this case, the Court issues the following order.

I.  Background

During June of 2005, the Plaintiff entered into an agreement with the Defendant for the interstate shipment of his personal property and household goods from Virginia to Arizona, entitled "Household Goods Bill of Lading and Freight Bill" (the "Bill of Lading").

A term on the reverse side of the Bill of Lading provided:

> Subject to the exceptions and limitations set forth below, we shall be liable for physical loss, damage or delay to your goods from external causes while we are transporting them or they are being held in storage-in-transit.  We will not be liable for any such loss, damage or delay caused by or resulting from (a) your or the Recipient's act or omission; and (b) defects in the goods or loss or damage that is unavoidable due to the nature of the goods, including susceptibility to damage because of atmospheric conditions and changes in those conditions, such as humidity and temperature . . .

(Defendant's Statement of Facts, Dkt. #47).

The agreement also incorporated by reference the Defendant's tariffs[1] by stating: "All of the provisions of our tariffs (available on request), including those setting out the charges for your shipment, some of which may not be included on the front of this bill of lading, are incorporated into this contract," and that "[t]he terms of our tariffs contain more complete explanations on the limits of our liability, [and] give us the option to repair or replace items on which claims are made . . . ."  (SOF, Dkt. #47-2, Exhibit 5).

One of the terms of the tariffs provided for the Defendant's maximum liability in the event of damage.  Tariff 400-N series provided that "maximum liability shall not exceed: (a) the released or declared value on the shipment; or (b) the full cost of repair to the damaged property, whichever is less.  Carrier shall have the option of repair or replacement of damaged item(s)."  The tariff also notes that the Defendant will not be liable for any "loss, damage or delay caused by or resulting . . . (b) From defect or inherent vice of the article, including susceptibility to damage because of atmospheric conditions such as temperature and humidity or changes therein."  (Id.)

---

[1]Neither party defines the term, but a tariff apparently is a schedule of rates or charges of a business or public utility.

1      The Plaintiff agreed to these conditions by signing the Bill of Lading, and tendered

2 his goods to the Defendant for interstate transit.  According to the Plaintiff's Complaint, and

3 apparently not disputed by the Defendant, the property arrived in damaged condition.

4      The Defendant has moved for partial summary judgment on three grounds:

5      1) The Plaintiff is bound by the Bill of Lading and tariffs, and therefore, the

6 Defendant is not liable for any damage due to climatic or atmospheric conditions.

7      2) The Plaintiff's recovery is limited to the cost to repair or replace, whichever is less

8 (also based on the Bill of Lading and tariffs).

9      3) As a matter of law, the Plaintiff cannot recover attorneys' fees.

10 (Motion for Partial Summary Judgment, Dkt. #46).

11      The Plaintiff has moved to file a supplemental statement of facts in support of its

12 Response to the Defendant's Motion for Partial Summary Judgment.  (Dkt. #59).  The

13 Defendant opposes the Plaintiff's motion, and has moved for leave to file a sur-reply.  (Dkt.

14 #63).  The Court will consider each of these motions in turn.

15 II. Standard of Review

16      A motion for summary judgment may be granted only if the moving party shows "that

17 there is no genuine issue of material fact and that the moving party is entitled to judgment

18 as a matter of law." Fed. R. Civ. P. 56(c).  To defeat a motion, the non-moving party must

19 show that there are genuine factual issues "that properly can be resolved only by a finder of

20 fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty

21 Lobby, Inc., 477 U.S. 242, 250 (1986). The party opposing summary judgment "may not rest

22 upon mere allegations or denials of [the party's] pleadings, but . . . must set forth specific

23 facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  See also

24 Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).  "[T]here

25 is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury

26 to return a verdict for that party."  Anderson, 477 U.S. at 249.

27

28 III.  Discussion

- 3 -

The Plaintiff does not appear to dispute that he is bound by the Defendant's Bill of Lading and all applicable tariffs. The Plaintiff signed both sides of the Bill of Lading, which expressly incorporated the Defendant's tariff provisions. Accordingly, the Court imputes knowledge of the terms of both to the Plaintiff, and finds that the two documents make up the contract of carriage that governs the parties' relationship.

A. Liability for Damage Due to Climatic or Atmospheric Conditions

The Defendant asserts that it is not liable for damage due to climatic or atmospheric conditions because the Bill of Lading and the incorporated tariff unambiguously disclaim liability. As discussed above, the Bill of Lading provides:

> Subject to the exceptions and limitations set forth below, we shall be liable for physical loss, damage or delay to your goods from external causes while we are transporting them or they are being held in storage-in-transit. **We will not be liable for any such loss, damage or delay caused by or resulting from** (a) your or the Recipient's act or omission; and (b) **defects in the goods or loss or damage that is unavoidable due to the nature of the goods, including susceptibility to damage because of atmospheric conditions and changes in those conditions**, such as humidity and temperature . . .

(SOF, Dkt. #47-2, Exhibit 5) (emphasis added).

The Court does not find, contrary to the Defendant's assertion, that the parties' contract unambiguously disclaims liability for _any_ atmospheric or climatic damage. Rather, the Bill of Lading specifies that liability is disclaimed where _defects in the goods_ cause _unavoidable_ loss or damage, or where the _nature of the goods, including susceptibility to damage_, cause the loss. (Id.)

The Carmack Amendment of the Interstate Commerce Act "makes carriers liable 'for the full actual loss, damage, or injury . . . caused by' them to property they transport, and declares unlawful and void any contract, regulation, tariff, or other attempted means of limiting this liability." Missouri Pac. Railroad Co. v. Elmore & Stahl, 377 U.S. 134, 137 (1964). Although a common carrier is not an absolute insurer, it is liable "unless it can show that the damage was caused by '(a) the act of God; (b) the public enemy; (c) the act of the shipper himself; (d) public authority; (e) or the inherent vice or nature of the goods." Id.

The Plaintiff establishes his prima facie case under the Carmack Amendment by showing "delivery in good condition, arrival in damaged condition, and the amount of damages." Id. at 138.  The burden of proof then shifts to the carrier "to show both that it was free from negligence and that the damage to the cargo was due to one of the excepted causes relieving the carrier of liability." Id.  The Court does not find that the Defendant has met this burden.

The Plaintiff and the Defendant appear to agree that the damage was caused by the temperature to which the goods were exposed.  The Court does not find, however, that the Defendant has shown an absence of material fact that it was not negligent, or that the damage was caused by "one of the excepted causes relieving the carrier of liability."   Id.

Even under the terms of its own tariff, the damage must be caused by a *defect* or *susceptibility* of the goods to become damaged by atmospheric or climatic conditions.  The Court cannot conclude — as a matter of law — that the fact that damage may have been caused by atmospheric conditions means that the damage necessarily resulted from a defect or susceptibility of the goods.  This factual determination is best left to the jury. Accordingly, summary judgment on this ground must be denied.

B.  Recovery Is Limited to the Cost to Repair or Replace, Whichever Is Less

The Defendant asserts that its tariff, incorporated into the Bill of Lading by reference, limits its maximum liability to the lesser of the full cost of repair or the replacement cost. Using the figure arrived at by the Plaintiff's expert, the Defendant seeks to limit the Plaintiff's claim, as a matter of law, to $51,050.82.  That figure includes all costs for restoration, tax, pickup, handling, and delivery charges.

The Plaintiff asserts, however, that his expert has testified that the value of the Plaintiff's damaged antiques will be depreciated or diminished as a result of the damage and repairs, even if the repairs are excellent.  (Response, Dkt. #49).  The Plaintiff responds that if the Defendant chooses to repair the goods, he would still be entitled to the diminution in value after the repair.  (Id.)

The Defendant replies that the contract and corresponding tariff expressly provide for recovery of <u>either</u> repair <u>or</u> replacement cost, but not the double recovery of cost to repair and loss of value.  Accordingly, the Plaintiff should be limited as a matter of law to $51,050.82. (Reply, Dkt. #55).

The Court notes that the parties' agreement with respect to liability discusses the "full cost of repair to the damaged property."  In light of the testimony of the Plaintiff's expert with respect to diminution of value after repair, the Court finds that there is a genuine issue of material fact as to whether the repair involved could be considered a full repair of the Plaintiff's goods.  The Court finds that the parties' contract is silent as to recovery in a situation where the goods are not able to be fully repaired, and thus, summary judgment is inappropriate.  The Court cannot hold that, as a matter of law, $51,050.82 constitutes the "full cost of repair to the damaged property."  Accordingly, the Court denies summary judgment on this ground.

C. Attorneys' Fees

The Plaintiff's complaint seeks an award of attorneys' fees pursuant to either A.R.S. § 12-341.01 or 49 U.S.C. § 14708(d).  (Dkt. #1).  The Defendant argues that the Plaintiff is entitled to fees under neither provision, and seeks summary judgment on the issue.  (Dkt. #46).

The Defendant argues that the "Carmack Amendment is part of a comprehensive scheme designed to bring uniform treatment of the carrier-shipper relationship.  As such, it is well settled that Carmack preempts all state law remedies, such as contract claims."  (Id.) The Defendant argues that the Plaintiff is attempting to circumvent Carmack's preemption by seeking fees based upon A.R.S. § 12-341.01, which mandates the filing of a successful state law contract claim.  The Defendant argues that the Plaintiff did not assert a state law contract claim, and could not do so because of Carmack's broad preemption.  As such, the Defendant argues, the Plaintiff is prohibited as a matter of law from recovering fees based upon this statute.  (Dkt. #46).

The Defendant also argues that attorneys' fees are inapplicable under the Carmack Amendment itself (49 U.S.C. § 14708(d)).  (Id.)  The section of the Amendment that discusses attorneys' fees limits fee awards to actions relating to collect-on-delivery shipments.  Because the Plaintiff admits that he made a payment by credit card three days prior to the move, an award of attorneys' fees cannot apply.  (Id.)

The Plaintiff makes three arguments in his Response.  Preliminarily, he notes that a ruling on this issue is premature, as both statutes require him to prevail before an award of fees would be appropriate. (Dkt. #49).  In addition, he notes that the authorities are split on whether state laws providing for attorneys' fees are preempted by the Carmack Amendment. (Id.) He points out that neither Arizona nor the 9th Circuit have addressed the issue.  Finally, the Plaintiff asserts that there is a factual dispute as to whether the shipment should be considered collect-on-delivery.[2]

The Court finds it imprudent to address the applicability of the attorneys' fees provisions at issue here.  The Court notes that both provisions require the Plaintiff to succeed in the underlying action.  Tayloe v. Kachina Moving & Storage, Inc., 16 F. Supp. 2d 1123, 1133-34 (D. Ariz. 1998).  Although the Court acknowledges that such a pronouncement may inform the parties of the potential settlement value of the case, it finds it premature to make a ruling on an apparent issue of first impression before either party has qualified to potentially recover attorneys' fees.  Accordingly, summary judgment is denied on this ground.

D.  Additional Motions

The Plaintiff has moved to supplement its Statement of Facts for the purposes of the attorneys' fees section of the Defendant's Partial Motion for Summary Judgment.  (Dkt. #59).  The Plaintiff seeks to introduce recently-disclosed discovery that bears on the issue of whether the Plaintiff's shipment should be considered collect-on-delivery. The Defendant

---

[2]This dispute on the issue of whether the shipment was "collect-on-delivery" is the subject of the two other outstanding motions in the case.  In light of the Court's disposition on the issue, see III.D. infra, the Court does not resolve this dispute.

accordingly seeks leave to file a sur-reply to address the additional arguments raised for the first time in the Plaintiff's proposed supplemental Statement of Facts. (Dkt. #63). In light of the Court's determination that the issue of attorneys' fees is premature, neither document will assist the Court's decision on the Motion for Partial Summary Judgment. Accordingly, the parties' motions are denied.

## IV.  Conclusion

The Court holds that the Plaintiff has met its burden to establish a genuine issue of material fact as to liability for damage due to climatic or atmospheric conditions, as well as the appropriate limit on recovery.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). The Court also holds that it is premature to rule on the Defendant's Motion for Partial Summary Judgment as to the availability of attorneys' fees. In light of this ruling, the Court does not reach the issues raised in the parties' other motions.

Accordingly,

**IT IS ORDERED** denying the Defendant's Motion for Partial Summary Judgment. (Dkt. #46).

**IT IS FURTHER ORDERED** denying the Plaintiff's Motion for Leave to File a Supplemental Statement of Facts, (Dkt. #59), and the Defendant's Motion for Leave to File Sur-Reply.  (Dkt. #63).

DATED this 20th day of June, 2008.

_____
Mary H. Murguia
United States District Judge